**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANA ULLAH, | Civil Action No. 26-3794 (SDW) |
| **Petitioner,** | |
| v. | **OPINION** |
| WARDEN DELANEY HALL DETENTION FACILITY, et al., | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the second petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Second Petition") by Petitioner Sana Ullah, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall").  (ECF No. 1).

2.      Petitioner filed his first habeas petition ("First Petition") on December 12, 2025. *Ullah v. Soto*, No. 25-cv-18591 (D.N.J. filed Dec. 12, 2025).  Petitioner challenged his detention by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1225(b)(2).

3.      On December 15, 2025, this Court granted the First Petition, stating that "[u]nder the recent decision in *Bethancourt- Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), as Petitioner was apprehended inside the United States after residing here for an extended period, this Court finds that he should be detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond." (First Petition, ECF No. 3).  Respondents were ordered to provide Petitioner with a bond hearing within seven days.  (*Id.*)

4.      Respondents submitted a letter on December 19, 2025 indicating that Petitioner had a bond hearing before Immigration Judge Ramin Rastegar on December 18, 2025.  (First Petition, ECF No. 6).  Immigration Judge Rastegar denied Petitioner bond after finding Petitioner was a danger to the community.  (First Petition, ECF No. 6-1).  The order indicated that an appeal was due to the Board of Immigration Appeals ("BIA") by January 20, 2026.  (*Id.* at 3).

5.      This Court closed the proceedings on December 19, 2025.  (First Petition, ECF No. 7).  No further filings were made.

6.      Petitioner filed his Second Petition on April 10, 2026.  (ECF No. 1).  He asserted that he had not filed any challenges to his removal proceedings because "[c]ourts have consistently found no jurisdiction because there is no adequate administrative remedy available to challenge prolonged immigration detention.  The continued detention without a bond hearing or release constitutes a violation of due process."  (*Id.* at 2).  "Petitioner has not presented these claims in administrative proceedings because no adequate or effective administrative remedy exists to challenge unlawful and prolonged detention in immigration custody."  (*Id.* at 7).

7.      Despite his statements to the contrary, Petitioner raised his due process claims in this Court and before an immigration judge.  (*See* First Petition, ECF No. 6-1).  Indeed, his current filings include a copy of the bond materials that were presented to Immigration Judge Rastegar.  (ECF No. 1-3 *passim*).

8.      It is unclear whether Petitioner appealed the bond hearing result to the BIA, but Petitioner did not file a due process challenge to the bond hearing in the First Petition proceedings.

9.      This Court ordered Respondents to provide Petitioner with a bond hearing, and they complied.  The fact that Petitioner does not like the result does not entitle him to a second bite at the apple.

10.     Petitioner's detention also has not been overly prolonged.  "The Third Circuit recognized the concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations."  *Chinoso Onuwa v. Field Office Director*, No. 26-cv-2403, 2026 WL 772435, at \*2 (D.N.J. Mar. 19, 2026) (cleaned up) (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 280 (3d Cir. 2018)).  However, it declined to decide what those circumstances may be.  *Id.*

11.     "Here, Petitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition.  He also had a bond hearing a few months ago.  Petitioner's 'relatively brief detention since that date without a bond hearing does not violate his due process rights.'"  *Guillen v. Soto*, No. 26-cv-3285, 2026 WL 1005326, at \*3 (D.N.J. Apr. 14, 2026) (quoting *Viantsko v. Lowe*, No. 4:26-cv-00563, 2026 WL 963038, at \*4 (M.D. Pa. Apr. 9, 2026)).[1]

12.     Therefore, this Court will deny the Petition.

13.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 23, 2026

---

[1] This Court notes that § 1226(a) detainees are entitled to request a custody redetermination from the immigration courts upon a showing of changed circumstances.  8 C.F.R. § 1003.19(e).